UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMY AKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-30048-MGM |
| | ) | |
| NOAH PACK, MATTHEW TROMBLEY, | ) | |
| and ROBIN A. WHITNEY, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION REGARDING MOTIONS OF DEFENDANTS ROBIN
WHITNEY AND MATTHEW TROMBLEY FOR SANCTIONS, INCLUDING DISMISSAL,
FOR PLAINTIFF'S FAILURE TO COOPERATE IN DISCOVERY
(Dkt. Nos. 59 & 73)

ROBERTSON, U.S.M.J.

I.    INTRODUCTION

Plaintiff Amy Akin ("Plaintiff") filed suit against Massachusetts State Troopers Noah

Pack ("Pack") and Matthew Trombley ("Trombley"), and Detective Lieutenant Robin Whitney

("Whitney") (collectively, "Defendants") alleging that Defendants violated her rights under the

Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §

1983 and the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I, by subjecting her

to an unreasonable public strip search during an October 17, 2013 police stop on an interstate in

western Massachusetts (Dkt. No. 1 at 1-2, ¶¶ 1, 9-10, 33-34).[1]

Whitney and Trombley have filed motions seeking dismissal of Plaintiff's claims as a

sanction for her allegedly willful noncompliance with court orders to appear for deposition (Dkt.

Nos. 59, 73) ("Sanctions Motions").  Defendants' Sanctions Motions have been referred to the

---

[1]There is a separate companion case filed in this court by plaintiff Diane Espaillat, at docket
number 16-cv-30051-MGM, arising out of the same incident, naming the same defendants, and
making similar claims based on similar allegations.

1

undersigned for report and recommendation (Dkt. Nos. 64, 74).  *See* 28 U.S.C. § 636(b)(1).  For the reasons set forth below, the court recommends that Whitney's and Trombley's motions be denied without prejudice.  If this Report and Recommendation is adopted by the presiding District Judge and Plaintiff's case is not dismissed, this court intends to issue an order governing further discovery in this case.

II.    RELEVANT BACKGROUND

Plaintiff filed her complaint on March 16, 2016 (Dkt. No. 1) through counsel (Dkt. Nos. 2, 3).  On June 24, 2016, this court entered a scheduling order setting deadlines of July 31, 2016 for service of written discovery requests and December 30, 2016 for completion of fact witness depositions (Dkt. No. 33).  Documents submitted to the court show that Whitney served document production requests and interrogatories on Plaintiff on July 18, 2016 and noticed her deposition for September 20, 2016 (Dkt. No. 37-5 at 1).  Trombley served revised interrogatories and document production requests on Plaintiff on September 12, 2016 (Dkt. No. 73-2 at 1).  On September 16, 2016, Whitney's attorney, concluding that Plaintiff's discovery responses would not be forthcoming prior to the date of her scheduled deposition, elected to re-notice Plaintiff's deposition for October 12, 2016 (Dkt. No. 37-2 at 2; Dkt. No. 37-3).  Plaintiff's counsel served Plaintiff's answers to the interrogatories of Whitney and Pack on September 20, 2016 (Dkt. No. 37-4 at 2).  Plaintiff has not responded to Trombley's written discovery (Dkt. No. 73 at 1).

On October 11, 2016, Plaintiff's counsel acknowledged that Plaintiff still had not produced documents responsive to Whitney's requests and informed defense counsel that he had not heard from Plaintiff in a week and was concerned that she would not appear for her deposition on October 12, 2016 (Dkt. No. 37-4).  Plaintiff's counsel suggested that her deposition be continued (*id.*).  On October 12, 2016, Whitney filed a motion to compel Plaintiff

to appear for her deposition, which motion was assented to by Plaintiff's counsel and granted by this court (Dkt. Nos. 37, 43).  Plaintiff's counsel were permitted to withdraw their appearance in or around mid-December 2016.

The court granted Whitney's motion to extend to March 30, 2017 the time for completion of non-expert discovery (Dkt. No. 54).  On January 13, 2017, Whitney filed a motion to compel Plaintiff to respond to her document production requests (Dkt. No. 56).  The motion was granted without opposition on February 17, 2017, and plaintiff was ordered to provide the requested discovery by no later than March 13, 2017 (Dkt. No. 62).

Defense counsel represent that Plaintiff appeared for her deposition in the morning on January 30, 2017, answered questions for approximately two hours, and did not return after a lunch break.  After the fact, she explained her absence by a text message stating that she was unable to continue because of an anxiety attack (Dkt. No. 59-5 at 2).  Plaintiff did not appear for the resumption of her deposition on February 3, 2017, a date that had been communicated to her by Whitney's counsel (Dkt. No. 59-2 at 1-8).  She apparently communicated to counsel for Diane Espaillat, the plaintiff in the companion case, that she could not attend her deposition because of car trouble (*id.* at 5).

Whitney filed her Sanctions Motion on February 7, 2017; Trombley filed his on March 14, 2017 (Dkt. Nos. 59, 73).  The court scheduled an April 4, 2017 hearing on the Sanctions Motions (Dkt. No. 75).  Counsel for all Defendants attended.  Plaintiff did not.  At the hearing, defense counsel told the court that they believed that Plaintiff was incarcerated in New Hampshire.  Following the hearing, the court entered an Order for Further Proceedings directing Whitney and Trombley to make their best efforts to serve copies of the Sanctions Motions on Plaintiff, along with copies of the court's Order for Further Proceedings and Order to Show

3

Cause, by no later than April 26, 2017 (Dkt. Nos. 77, 78).  The Order to Show Cause directed Plaintiff to notify the court, by no later than May 31, 2017, whether she had intentionally abandoned her case against Defendants, and, if she had not done so, to explain why she had failed and refused to cooperate in discovery (Dkt. No. 78).  On April 25, 2016, counsel for Whitney and Trombley filed a status report with proof of service reporting that Plaintiff had been served with copies of Whitney's and Trombley's Sanctions Motions and the court's Order for Further Proceedings and Order to Show Cause at the Cheshire County Department of Corrections in Keene, New Hampshire (Dkt. No. 80).

Plaintiff filed her response to the Order to Show Cause on May 12, 2017.  She indicated that she did not intend to abandon her case against Defendants.  She expressed her desire to "continue on with [her] lawsuit," and "have [her] side of this story told."  She stated that she had been incarcerated since February 2017 at the Cheshire County House of Correction in Keene, New Hampshire.  She represented that prior depositions had been rescheduled after a fire that destroyed her house and killed her dogs.  She said that when she attended her deposition in February, the parties had to take a break because she was experiencing shortness of breath and that she was unable to return because of an anxiety attack (Dkt. No. 82).

III.    LEGAL STANDARD

Whitney and Trombley seek dismissal of Plaintiff's claims against them based on her failure to appear for her deposition in defiance of a court order requiring her attend (Dkt. No. 60 at 2-3; Dkt. No. 73 at 1).  Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions for failure to obey a court order directing compliance with discovery obligations, up to and including the sanction of dismissal in whole or in part.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (stating that if a party fails to obey an order to provide discovery, the court may issue further just

orders, including dismissing the action in whole or in part).[2]  A dismissal pursuant to Fed. R.

Civ. P. 37(b)(2)(A) "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

Whether to sanction a litigant for failure to obey a court order "depends on the

circumstances of the case."  *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43-44 (1st

Cir. 2007).  The First Circuit has established a non-exhaustive list of substantive and procedural

factors to consider when a court imposes sanctions for failure to comply with a discovery order,

including:

> "the severity of the violation, the legitimacy of the party's excuse, repetition of
> violations, the deliberateness vel non of the misconduct, mitigating excuses,
> prejudice to the other side and to the operations of the court, and the adequacy of
> lesser sanctions. . . .  [There is] a procedural dimension . . . as well, which
> addresses concerns such as notice, [and] opportunity to be heard. . . ."

*Id.* at 44 (quoting *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (quoting

*Robson v. Hallenbeck*, 81 F.3d 1, 2-3 (1st Cir. 1996))).  Plaintiff's status as a self-represented

litigant since mid-December 2016 should also be considered.  *See generally Zhuang v. Saquet*,

303 F.R.D. 4 (D. Mass. 2014) (dismissing case after self-represented plaintiff repeatedly failed to

---

[2] The list of possible sanctions set out in Rule 37(b)(2)(A), which is not meant to be exhaustive, includes:

| | |
|---|---|
| (i) | directing that the matters embraced by the order or other designated facts be taken as established for purposes of the actions, as the prevailing party claims; |
| (ii) | prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; |
| (iii) | striking pleadings in whole or in part; |
| (iv) | staying further proceedings until the order is obeyed; |
| (v) | dismissing the action or proceeding in whole or in part; |
| (vi) | rendering a default judgment against the disobedient party; or |
| (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

comply with court's discovery orders despite multiple warnings that failure to cooperate in discovery could result in dismissal). "The totality of the circumstances should be considered when assessing the appropriateness of a [requested] discovery sanction." *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012). Here, the sanction sought by Whitney and Trombley is dismissal of Plaintiff's claims. "Dismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would be truly appropriate." *Estate of Solis Rivera v. United States*, 993 F.2d 1, 2 (1st Cir. 1993).

IV.   DISCUSSION

Considering the substantive factors first, the court acknowledges that, "[w]ithout a doubt, the disregard of court orders qualifies as extreme behavior." *Malot*, 478 F.3d at 44. The harm of such misconduct is aggravated when, as in this case, it is repeated. Plaintiff failed to comply with the court's order to make herself reasonably available for deposition. She ignored the costs and inconvenience to Defendants when she unilaterally decided not to return to provide further testimony on January 30, 2017, then failed to appear on February 3, 2017. She also failed to comply with the court's order that she produce documents responsive to Whitney's document production requests, including documents relevant to her claims of emotional distress attributable to the alleged violations of her civil rights.

Plaintiff's excuses for her failure to cooperate in discovery are less than persuasive. She was represented by counsel when she failed to produce documents in September and October 2016 and failed to communicate with her attorney in advance of the deposition scheduled for October 12, 2016, resulting in another postponement. Plaintiff's attorney did not indicate to defense counsel that these failures were attributable to a fire that destroyed Plaintiff's house and

killed her dogs or that she was not "emotionally ready" for her deposition, nor has Plaintiff

provided any independent confirmation of these claims (Dkt. Nos. 37-2 at 1; 37-4 at 1; 82 at 1).

Defense counsel did not report observing an anxiety attack on January 30, 2017 when the parties

broke for lunch.  Plaintiff apparently did not seek defense counsel's agreement to suspend her

deposition.  She then failed to appear on February 3, 2017 without advance notice.  While

Plaintiff represents that she was jailed in February 2017, she does not say when in the month she

was jailed or whether an arrest contributed to her failure to appear on February 3, 2017 (Dkt. No.

82 at 1).  The claim of car trouble, conveyed to counsel for Ms. Espaillat, is neither substantiated

nor plausible.  *See McKeague v. One World Techs., Inc.*, 858 F.3d 703, 706-07 (1st Cir. 2017)

(implying skepticism concerning "bald assertion" about reasons for delays).

As to prejudice to the other side and the operations of the court, delay because of a

plaintiff's failure to cooperate in discovery and comply with court orders to do so "hinders [this]

[c]ourt's ability to manage its docket and is unfairly prejudicial to [Defendants who] ha[ve] made

every effort to comply with the [c]ourt's case management orders."  *Zhuang*, 303 F.R.D. at 8.

Beyond the fact of delay, Plaintiff's case is one of two cases arising out of the same incident.

*See supra*, note 1.  Discovery is complete in Ms. Espaillat's companion case, which is in a

posture for final resolution in the near future.  *See* Civil Docket for Case #3:16-cv-30051-MGM.

Plaintiff's failure to cooperate in discovery in this case may have deprived the court of

opportunities to coordinate proceedings in these cases, and her failure to appear for deposition

may have deprived Defendants of the opportunity to obtain relevant eyewitness testimony

bearing on Ms. Espaillat's claims on a timely basis.  Thus, the prejudice to Defendants and to the

court's ability to manage its docket goes beyond mere delay.  It should be acknowledged,

however, that the delay in this case is not of the length that would ordinarily warrant dismissal at

this time.  The case was filed in March 2016.  On motion by Whitney, to which Plaintiff

assented, non-expert discovery was extended to March 30, 2017.  Whitney and Trombley filed

their Sanctions Motions before the deadline for completing non-expert discovery.  The courts

"tend to reserve dismissal with prejudice for delays measured in years."  *Malot*, 478 F.3d at 44

(collecting cases).  Moreover, as a self-represented litigant, Plaintiff cannot be expected to

appreciate the possible effects of her noncompliance on the court's management of its docket or

Defendants' ability to defend against Ms. Espaillat's claims.

      Notwithstanding Plaintiff's *pro* se status, her apparent lack of concern about her

misconduct is troubling.  In Plaintiff's response to the court's Order to Show Cause, she did not

indicate that she understood her obligations to cooperate in discovery or that she planned to

comply with this court's orders requiring her to produce documents and attend her deposition

(Dkt. No. 82).  Plaintiff is not entitled to tell her "side of this story" while withholding relevant

discovery to which Defendants are entitled and ignoring her obligations to comply with court

orders, all without demonstrating good cause.  On balance, the substantive factors can be viewed

as supporting dismissal.

      The so-called procedural factors, however, weigh strongly against dismissal at this point.

First, it is significant that Ms. Akin is representing herself.  Her *pro se* status does not relieve her

of her obligation to comply with all of the court's procedural rules and orders, *see Brown v.

Dept. of Veterans Affairs*, 451 F. Supp. 2d 273, 277 (D. Mass. 2006) ("*Pro se* plaintiffs, like all

parties, must 'comply with the applicable procedural and substantive rules of law.'" (quoting

*Overton v. Torruella*, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)), and the record supports a

finding that Plaintiff's former counsel gave her some information about her obligations to

cooperate in discovery (Dkt. No. 37-4 at 1).  Nonetheless, the court has not had an opportunity to

directly address Plaintiff about her obligations to cooperate in discovery and comply with court orders as a condition of maintaining her suit against Defendants.  Without conducting a colloquy with Plaintiff, the court cannot be sure what Plaintiff has or has not been told about her obligations to provide discovery as a condition of pursuing her claims.

Second, before entering an order of dismissal with prejudice, the court must consider what, if anything, Plaintiff knew about the risk of dismissal when she failed and refused to cooperate in discovery.  "Although prior notice is not a prerequisite to dismissal with prejudice, it is an important consideration."  *Malot*, 478 F.3d at 45 (citing *Robson*, 81 F.3d at 3).  *See Mulero-Abreu*, 675 F.3d at 94 ("[P]laintiffs were twice explicitly warned that if they neglected to comply [with orders to respond to discovery requests] by a specified date, their case would be dismissed."); *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 130 (1st Cir. 2011) (affirming dismissal of case where court issued multiple warnings to plaintiff before dismissing her case); *Zhuang*, 303 F.R.D. at 5-7 (granting the defendant's motion to dismiss where the *pro se* plaintiff was warned in writing that failure to produce the requested documents by a date certain could result in dismissal or a monetary sanction and the court issued subsequent warnings about dismissal, including an in-person warning at a show cause hearing attended by plaintiff); *contrast Malot*, 478 F.3d at 45 (reversing dismissal with prejudice where the trial court did not attempt to exhaust milder sanctions and did not warn plaintiffs they might face dismissal with prejudice of their claims before entering dismissal order).  In the present case, so far as the court is aware, Plaintiff was not warned about the possibility that her claims could be dismissed if she failed to comply with court orders.  She was in jail when Trombley served his Sanctions Motion and may have been so when Whitney served her motion.  The court's Order to Show Cause might be the

first time she was notified that she could be jeopardizing her right to pursue her claims by her conduct.

Finally, Defendants chose to move for dismissal rather than employing means reasonably available to them to obtain deposition testimony from Plaintiff.  Defendants could have moved for leave to take Plaintiff's deposition while she was confined in prison.  The court would have been required to grant them leave to take the deposition in prison to the extent consistent with Fed. R. Civ. P. 26(b)(1) and (2).  *See* Fed. R. Civ. P. 31(a)(2)(B).  Defendants chose not to file a Fed. R. Civ. P. 31(a)(2)(B) motion.  Instead, Whitney and Trombley chose to file their Sanctions Motions, on February 7, 2017 and March 14, 2017, respectively, well before the March 30, 2017 close of non-expert discovery (Dkt. Nos. 59, 73).

There is a "strong presumption in favor of deciding cases on the merits."  *Malot*, 478 F.3d at 43 (citing *Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir. 2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002)); *see also McKeague*, 858 F.3d at 707. In the court's view, Whitney's and Trombley's Sanctions Motions are premature.  Given that the delay in this case is measured in months, not years, that Plaintiff is self-represented and was not warned about the risk of dismissal before Defendants filed the Sanctions Motions, and that lesser sanctions have not been tried, an appellate court might even view the granting of the Sanctions Motions at this time as an abuse of discretion.  *See generally Malot*, 478 F.3d at 40.   The court recommends, therefore, that Whitney's and Trombley's Sanctions Motions be denied without prejudice to their renewal if Plaintiff fails to participate in reasonable discovery in the near future.

V.    CONCLUSION

For these reasons, it is this court's RECOMMENDATION that Whitney's and Trombley's Sanctions Motions be DENIED without prejudice.  If the presiding District Judge adopts this recommendation, it is this court's intention to issue an order governing further discovery in this case.[3]

/s/ Katherine A. Robertson_____
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  July 6, 2017

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.